UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, in his
capacity as Receiver for OASIS
INTERNATIONAL GROUP,
LIMITED, et al.,

        Plaintiff,

v.                                     Case No. 8:21-cv-01317-MSS-AAS

ATC BROKERS LTD., DAVID
MANOUKIAN, and SPOTEX LLC,

        Defendants.
_____/

## ORDER

    Defendants ATC Brokers, Ltd. (ATC), David Manoukian, and Spotex LLC (Spotex) (collectively, the defendants) jointly move to stay discovery pending the court's ruling on the defendants' motion to dismiss for lack of personal jurisdiction. (Doc. 60). Burton W. Wiand, in his capacity as the Receiver over Oasis International Group, Limited, Oasis Management, LLC, Satellite Holdings Company, and their affiliates and subsidiaries (the Receiver) opposes the defendants' motion to stay discovery. (Doc. 61).

### I.    BACKGROUND

    The Receiver filed an amended complaint on September 24, 2021 alleging fraud against the defendants. (Doc. 36). On October 22, 2021, the defendants filed their respective motions to dismiss. (*See* Docs. 41-43). ATC's motion

1

requested dismissal based on the alleged lack of personal jurisdiction — that any lawsuit against ATC purportedly belongs in the United Kingdom, not in this District. (Doc. 43). Mr. Manoukian's motion requested dismissal based on a lack of standing and for failure to state claims. (Doc. 42). Spotex's motion also argued for dismissal based on failure to state claims. (Doc. 41).

On December 13, 2021, the Receiver filed his memorandum opposing Spotex's and Mr. Manoukian's motions to dismiss. (Docs. 50, 51). On January 28, 2022, after a period of taking jurisdictional discovery, the Receiver filed his memorandum opposing ATC's motion to dismiss. (Doc. 55). On February 9, 2022, ATC replied in opposition to the Receiver's response. (Doc. 58).

On April 14, 2022, the defendants jointly moved to stay discovery. (Doc. 60). The Receiver timely responded in opposition to the defendants' motion to stay. (Doc. 61). These upcoming deadlines are in the case management and scheduling order: (i) mediation on May 24, 2022; (ii) service of expert reports on June 2, 2022 (the Receiver), June 23, 2022 (the defendants), and July 25, 2022 (Rebuttal); and (iii) September 30, 2022 for completing discovery. (*See* Doc. 35).

## II. ANALYSIS

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is

2

delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

The defendants' arguments for staying discovery rest largely on the notion that their motions to dismiss have the potential to dispose of the entire case. The defendants' arguments are grounded in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny. In *Chudasama*, the Eleventh Circuit instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [ ] be resolved before discovery begins." *Id.* at 1367; *see also Solar Star Sys., LLC v. Bellsouth Telecomm's, Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

*Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss. *See Reilly v. Amy's Kitchen, Inc.*, No. 13-21525-CIV, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no

3

general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (*Chudasama* "does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss."); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008) ("[C]ourts have consistently rejected any per se requirement to stay discovery pending resolution of a dispositive motion."). "Motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *3 (S.D. Fla. Nov. 9, 2012) (*Chudasama* court "confronted a very specific situation involving a threefold problem — unjustifiable delay by the district court in ruling on the motion to dismiss, an erroneous decision to compel discovery from the defendant prior to adjudicating the motion to dismiss, and an especially dubious fraud claim that was likely to be dismissed").

"While it is not necessary for the court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. "[A] motion to stay discovery ... is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone*, 2008 WL 2906719, at *2. Further, "discovery stay motions

are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

Having taken a "preliminary peek" at the pending motions to dismiss and related filings, this case does not present the "especially dubious" claim faced by the court in *Chudasama*, where disposing of the case by motion to dismiss would avoid "needless and extensive discovery." *See Ray*, 2012 WL 5471793, at *2 (rejecting stay where "the Court [could] not say that [the] case is surely destined for dismissal"); *Bocciolone*, 2008 WL 2906719, at *2; (rejecting stay where court undertook a "cursory examination of the merits of Defendants' Motion to Dismiss and there [was] sufficient reason to question whether Defendants' Motion will prevail on all claims"); *Flecha*, 944 F. Supp. 2d at 1203 (rejecting stay where "genuine dispute" presented in parties' papers).

Here, the court cannot conclude at this time that the motions to dismiss will be granted and, even if so, whether such dismissal would be of the entire amended complaint, against each defendant, and with prejudice. The defendants have not demonstrated good cause and reasonableness for entering a discovery stay. Nor is the court persuaded that the defendants would be

prejudiced or highly burdened by engaging in discovery before the motions to dismiss are resolved.

## III.  CONCLUSION

Accordingly, the defendants' joint motion to stay discovery (Doc. 60) is **DENIED**.

**ORDERED** in Tampa, Florida on April 27, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge